**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-31134
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRIMINAL SHERIFF, The Parish Of Orleans,

Defendant,

LARRY E. BROOME,

Movant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
90-CV-4930
_____

June 10, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Movant-Appellant Larry E. Broome, attorney at law, appeals the district court's judgment which disqualifies him from representing the would-be intervenors in this case and requires him to pay expenses incurred by Plaintiff-Appellee United States of America as a result of these proceedings. Finding no error, we affirm.

**I.**

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS AND PROCEEDINGS**

In 1990, the United States filed suit against, inter alia, the Parish of Orleans Criminal Sheriff, alleging a "pattern and practice" of discrimination against women in hiring and in the conditions of employment. In 1995, Broome filed a motion to intervene on behalf of approximately one hundred individuals. Counsel for the United States notified the district court, by letter of August 1996, of its concern that Broome was (1) soliciting prospective employment with claimants who had been recommended for relief by the United States and (2) representing a non-existent relationship with the Department of Justice.

The magistrate judge granted Broome's motion to intervene (on a limited basis) but also set a hearing date, at which time Broome and any client who stated herself to be represented by Broome were to appear and be questioned by the court as to the circumstances of Broome's representation. The court indicated also that it would hear allegations against Broome concerning his unprofessional solicitation of clients.

At the hearing, attorney Milton Osborne represented Broome. According to the testimony of six female claimants, Broome approached them (or members of their families) and advised them to sign retainers so that he could assure them a maximum monetary recovery in the allegedly impending settlement. Some of the women testified that Broome claimed to work with or be under contract to

work with the Justice Department.  Broome did not deny approaching these people but testified that he represents so many people that he did not know if they were his clients or not.[1]

Broome, however, failed to bring any of his alleged clients to the hearing.  Osborne asked for a continuance to give Broome an opportunity to "bring these people in," claiming — somewhat incredulously — that neither he nor Broome had noticed that part of the magistrate's order.  The magistrate judge denied the request.

The district court found that Broome had solicited five women to sign a retainer agreement and contingency fee contract in violation of several of the Rules of Professional Conduct of the Louisiana State Bar Association.  The court disqualified Broome from representing any would-be intervenors in this action and ordered him to reimburse the United States for expenses incurred in connection with the hearing.  Broome timely appealed pro se, asserting several errors, none of which concerns his disqualification from representation of the would-be intervenors.

## II.

### ANALYSIS

Broome asserts that the magistrate judge (1) failed to inform him that he was the subject of the scheduled hearing or that he had

---

[1]Broome allegedly represents many or most of the claimants in another unrelated case against the Sheriff involving overtime.

3

a right to retain counsel of his choice, (2) displayed personal prejudice against him and should have recused herself from the hearing, and (3) abused her discretion in denying his request for a continuance. Broome claims also that his request for a continuance does not appear in the transcript.

We find no merit in any of Broome's claims. First, the magistrate judge clearly and adequately notified Broome of the nature of the hearing, and Broome never expressed to the magistrate any dissatisfaction with being represented by Osborne. Second, Broome's accusations of prejudice are completely contrived and unfounded. He bases his claim on the magistrate's memorandum to the Chief Judge of the Eastern District which notifies the Chief Judge of the action taken against Broome and suggests that Broome had engaged previously in the unlawful solicitation of clients. This memorandum does nothing more than factually inform the Chief Judge of the instant matter in a purely objective manner. Third, the magistrate's denial of a continuance was properly within her discretion, as district courts are "vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[1] Finally, the transcript of the hearing accurately reports Broome's request for a continuance.

In sum, we find Broome's arguments to be disingenuous and

---

[1]Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962)).

4

approaching frivolousness.  We caution Broome that appeals of this nature are extremely disfavored and that further prosecution of this or other meritless appellate actions may well subject him to sanctions by this court.


### III.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5